IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA      :
                              :    CRIMINAL ACTION
        v.                    :    NO. 16-403-02, -04
                              :
SHAMIR KANE, et al.           :
```

**O R D E R**

**AND NOW**, this **19th** day of **December, 2017,** upon consideration of Defendant Tanaya Martin's Omnibus Pretrial Motions (ECF No. 86), Defendant Ashley Sterling's Motion to Sever (ECF No. 149), and the responses and replies thereto, and following a hearing with counsel for the parties, it is hereby **ORDERED** that:

1. Defendant Tanaya Martin's Omnibus Pretrial Motions (ECF No. 86) are **GRANTED in part** and **DENIED in part**. Defendant Martin's First Motion for Joinder of Codefendants' Motions is **GRANTED** with respect to Defendant Shamir Kane's Motion to Suppress Out-of-Court and In-Court Identifications and Statements (ECF No. 25), and **DENIED** with respect to any other pending motions. Defendant Martin's First Motion for a Hearing Pursuant to United States v. Wade, 388 U.S. 218 (1967) is **GRANTED**. Defendant Martin's First Motion to Compel 404(b) Evidence and First Motion for Discovery of Brady, Giglio, and Jencks Material are **DENIED as moot.**

2. Defendant Ashley Sterling's Motion to Sever (ECF No. 149) is **DENIED**.[1]

---

[1] A criminal defendant may file a motion for severance of offenses or other defendants under Federal Rule of Criminal Procedure 14, which provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

"Severance decisions under Rule 14 require the district court to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion." United States v. Joshua, 976 F.2d 844, 847 (3d Cir. 1992). After balancing those factors, a court "should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (9th Cir. 1993).

A defendant bringing a motion for severance "must 'pinpoint clear and substantial prejudice resulting in an unfair trial.'" United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010) (quoting United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992)). Prejudice sufficient to warrant severance may include "(1) 'a complex case' involving 'many defendants' with markedly different degrees of culpability,' (2) a case . . . where evidence that is probative of one defendant's guilt is technically admissible only against a co-defendant, and (3) a case where evidence that exculpates one defendant is unavailable in a joint trial." United States v. Balter, 91 F.3d 427, 432-33 (3d Cir. 1996) (quoting Zafiro, 506 U.S. at 539) (internal citation omitted).

Sterling argues that combining her trial with that of her co-defendants would prejudice her because (1) she is only charged in one count; (2) she played a far lesser role in the crimes alleged in the indictment, as she had no involvement in the robberies; (3) the evidence against her is circumstantial, and far less strong than the direct evidence against Kane and Martin; and (4) there is potential confusion of the jury through "spillover evidence" from the other defendants. See Mot. Sever at 5-7, ECF No. 149.

The Third Circuit has explained that the question of whether a defendant will be prejudiced based upon more damaging evidence against a co-defendant charged with a separate crime depends on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)). If the charges against the defendant moving to sever are "relatively straightforward and discrete," courts "do not doubt that the jury reasonably could [be] expected to compartmentalize the evidence." United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005). However, the risk of prejudice may be "heightened" when "many defendants are tried together in a complex case and they have markedly different degrees of culpability." Zafiro, 506 U.S. at 539.

Here, Sterling claims that she will be prejudiced because she had no role in the robberies, and the jury may judge her guilty by association of those "wholly unrelated" crimes. Mot. Sever at 6. Sterling points to United States v. Cotona, No. 07-26, 2007 WL 3124700 (D.N.J. Oct. 22, 2007), in which the court granted a defendant's motion to sever a witness tampering charge against her from the trial of ten other defendants for various bank and mail fraud crimes relating to a five-year insurance fraud scheme. There, the court granted the motion to sever after finding that the witness tampering charge "relates to an act that occurred temporally separate from, and does not involve facts significant intertwined with, the other alleged offenses." Id. at *2. The court also noted that, "absent severance, [the witness tampering defendant] would likely suffer undue prejudice from evidence proffered on the other charges, which would not necessarily relate to the charge brought against her." Id. Sterling argues that the case against her should be severed for the same reasons.

In response, the Government argues that the evidence supporting the witness tampering charge against Sterling overlaps substantially with the evidence supporting the robbery charges. The Government also notes that Sterling's crime was not "wholly unrelated," as she is alleged to have tampered with the witnesses to one of the robberies. With respect to Cotona, the Government points out that it was a much more complex case, and that the severed defendant engaged in witness tampering with only one of the ten other defendants, eight months after the end of the scheme. Here, by contrast, Sterling tampered with a victim of a robbery at the crime scene less than five months after the robbery.

The Court finds that Sterling has not made a showing of clear and substantial prejudice that would result from a joint trial. Given the relatively straightforward evidence in this case, there is little risk that the jury will not be able to compartmentalize the evidence against Sterling from the evidence against Kane and Martin. Further, the efficiencies of a joint trial outweigh any minimal risk

      **AND IT IS SO ORDERED.**

      <u>/s/ Eduardo C. Robreno</u>
      **EDUARDO C. ROBRENO, J.**

---

of prejudice, as both cases would involve overlapping witnesses and evidence. <u>Cotona</u>, which is not binding on this Court, is distinguishable. Unlike the complex, five-year long scheme in <u>Cotona</u>, the instant case involves three relatively straightforward robberies. Therefore, the risk of prejudice that was present in <u>Cotona</u> is not present here.